UNITED STATES of America, Plaintiff-Appellee,

v.

George ROYBAL, Defendant-Appellant.

No. 76–2515.

United States Court of Appeals, Ninth Circuit.

Dec. 30, 1977.

As Modified on Denial of Rehearing Feb. 6, 1978.

James R. Dunn (argued), Los Angeles, Cal., for defendant-appellant.

Deanne Smith, Asst. U. S. Atty. (argued), Los Angeles, Cal., for plaintiff-appellee.

Before CHAMBERS and HUFSTEDLER, Circuit Judges, and WONG,* District Judge.

CHAMBERS, Circuit Judge:

George Roybal was convicted of one count of conspiracy to violate the narcotics laws. He was tried with several other defendants whose convictions have been affirmed by unpublished memorandum opinion of November 29, 1977. Although this appeal was originally consolidated with the others, we have severed it as the facts compel a different result.

Prior to the trial the defendants moved for discovery orders of a broad nature and the government did not oppose. The record is not as precise as one might wish, but we interpret the judge's order as granting much of the requests. It is clear from the colloquy at the time of the hearing on the discovery motions, and at the time of trial, that the government should have understood that it was to disclose, in advance of trial, information that it intended to bring out through its informant witnesses.

The government's case against Roybal depended entirely on the informants' testimony. A month prior to trial the government learned that one of the informants had made a purchase of narcotics from Roybal, a purchase for her own personal use and not one that was part of her purchases in the government's controlled-buy program. Despite the discovery order, the government made no attempt to disclose the information to the defense. Instead, it waited until the informant was on the witness stand and then adduced the information without any warning to Roybal. The district judge, using understandably pointed language, was highly critical of the government's manner of proceeding and came very close to granting Roybal's motion for mistrial.

On the facts of Roybal's case, we conclude that there was a violation of the discovery order and that the violation seriously prejudiced Roybal's opportunity to prepare his defense. He was not indicted on any of the substantive counts, only the single conspiracy count. This surprise testimony was used to implicate him in a narcotics sale that was not the subject of the indictment. Without this evidence the jury would only have heard that he had been seen in the company of other codefendants, that he had been using narcotics, and that he had made statements that might be construed as indicating that he was aware of the codefendants' trafficking. There is no other evidence in the record of any sale by him and no narcotics were found in his possession at the time of his arrest.

We are not unaware of the procedural advantages to the government in trying several defendants at the same time. Moreover, we are not unaware that in conspiracy trials such as this there is (due to such procedural advantages) at least the possibility of a defendant being caught in the backwash of stronger evidence adduced as to one or more of his codefendants. Any unfairness to a defendant, resulting from the government's violation of procedural rules in a trial such as this, must therefore be addressed.

* The Honorable Dick Yin Wong, United States District Judge for the District of Hawaii, sitting by designation.

While the evidence in question does not come within the rule of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), as it is not an exculpatory statement, and it is not a statement under the Jencks Act (18 U.S.C. § 3500(e)), its introduction under circumstances such as these is a matter that we cannot ignore.

We cannot ignore the unfairness and potential prejudice to the defendant who must suddenly defend against evidence such as this. Similarly, we cannot ignore the unfairness and discourtesy to the trial judge who is suddenly faced with having to decide, on an incomplete record, whether trial should continue or whether the time and cost, theretofore expended, is to be wasted—with its obvious delays.

As stated in *McNabb v. United States,* 318 U.S. 332, 347, 63 S.Ct. 608, 616, 87 L.Ed. 819 (1943), "the effective administration of criminal justice hardly requires disregard of fair procedures imposed by law." The discovery order in this case was a "fair procedure" and its violation by the government resulted in patent unfairness and prejudice. We, therefore, reverse the conviction and remand the case.